1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2403
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   BETTY JEAN NAPIER
6

7

8              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                   SAN FRANCISCO DIVISION

10  BETTY JEAN NAPIER,                     Case No.  C07-02429-MMC

11                          Plaintiff,

12  v.                                     NOTICE OF MOTION AND MOTION
                                           WITH MEMORANDUM OF POINTS
13  COLLECTION BUREAU OF AMERICA,          AND AUTHORITIES IN SUPPORT OF
    LTD., a California corporation, and SHAWN   DEFAULT JUDGMENT
14  MICHAEL DELUNA, as an individual and in
    his official capacity,                 Date:       November 9, 2007
15                                         Time:       9:00 a.m.
                            Defendants.    Judge:      Honorable Maxine M.
16                                                     Chesney
                                           Courtroom:  7, 19th Floor
17                                         Place:      450 Golden Gate Ave.
                                                       San Francisco, California
18

19                          NOTICE OF MOTION

20      **PLEASE TAKE NOTICE** that on November 9, 2007, at 9:00 a.m., or as soon thereafter as

21  the matter may be heard in Courtroom 7 of the above-titled Court, located at the Federal Courthouse,

22  450 Golden Gate Avenue, San Francisco, California, Plaintiff will move the Court for a default

23  judgment as set forth herein.

24      The motion will be made pursuant to rule 55(b)(2) of the Federal Rules of Civil Procedure

25  and the applicable civil local rules, on the ground that Defendants failed to plead or otherwise

26  defend this action within the time prescribed by the Federal Rules of Civil Procedure.  The motion

27  is based on this Notice of Motion, the Motion with Memorandum of Points and Authorities,

28  Complaint, the Declaration of Betty Jean Napier, the Declaration of Fred W. Schwinn, the Expert

                                    - 1 -

1   Declaration of Ronald Wilcox, the Expert Declaration of Scott Maurer, the documents attached

2   thereto, and such evidence as may be presented at the hearing.  Please note that the Plaintiff and her

3   counsel of record request that the Court determine this matter based on the paperwork herein (i.e.,

4   submitted on the papers) unless the Court requests oral argument or if this motion is opposed.

5

6   **MOTION WITH MEMORANDUM OF POINTS AND AUTHORITIES**
    **IN SUPPORT OF DEFAULT JUDGMENT**

7

8   **INTRODUCTION**

9        This is a Motion for Default Judgment against Defendants, COLLECTION BUREAU OF

10  AMERICA, LTD., and MICHAEL DELUNA.  This action was brought to redress Defendants' false,

11  misleading and abusive attempts to collect a debt.  The Defendants, COLLECTION BUREAU OF

12  AMERICA, LTD., and MICHAEL DELUNA violated the Federal Fair Debt Collection Practices

13  Act (FDCPA), and the California Rosenthal Fair Debt Collection Practices Act (RFDCPA), both of

14  which prohibit debt collectors from engaging in unfair and deceptive practices.  Plaintiff seeks an

15  award of $2,000.00 in damages and $4,075.74 in attorney's fees and costs.

16  **PROCEDURAL HISTORY**

17       The Defendants were served with a Summons and Complaint in this case on May 14, 2007

18  and May 16, 2007.[1]  The Defendants' default was entered on June 21, 2007.[2]  Upon default, the well-

19  pleaded allegations of the complaint relating to liability are taken as true.[3]  After a default is entered,

20  the Court's attention is focused on issues relating to the quantity of damages, as opposed to issues

21  of liability.[4]  Here, however, the issues may be inextricable.  Plaintiff seeks statutory damages under

22  the Federal Fair Debt Collection Practices Act (FDCPA) and the California Rosenthal Fair Debt

23  Collection Practices Act (RFDCPA).  In determining the amount of damages to award under the

24  _____

25  [1] Doc. 3 &andDoc. 4.

26  [2] Doc. 5 and Doc. 6.

27  [3] *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

28  [4] *Black v. Lane*, 22 F.3d 1395 (7th Cir 1994).

1   FDCPA the Court is to consider the nature of the noncompliance, as well as the frequency and

2   persistence of the noncompliance.[5] For this reason, the facts relating to Defendants' noncompliance

3   with the law are discussed in some detail below.

4                                   **STATEMENT OF FACTS**

5           Plaintiff, BETTY JEAN NAPIER, is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) and

6   a "debtor" as defined by California Civil Code § 1788.2 and resides in Santa Clara County.[6]

7   Defendants, COLLECTION BUREAU OF AMERICA, LTD., and MICHAEL DELUNA, are each

8   a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Civil Code § 1788.2.[7]

9           On a date or dates unknown to the Plaintiff, Plaintiff incurred a financial obligation, namely

10  a medical debt alleged to be owed to Stanford University Medical Center (hereinafter "the alleged

11  debt").[8]  The alleged debt was incurred primarily for personal, family or household purposes and is

12  therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that

13  term is defined by Cal. Civil Code § 1788.2(f).[9]  Sometime thereafter on a date unknown to the

14  Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from

15  the Plaintiff.[10]

16          On or about January 22, 2007, Defendants mailed Plaintiff a collection letter in an attempt

17  to collect the debt.[11]  A true and correct copy of the January 22, 2007, collection letter is attached

18

19  _____

20          [5]  15 U.S.C. § 1692k(b)(1).

21          [6]  Complaint ¶6 (Doc. 1).

22          [7]  Complaint ¶¶ 7 and 8 (Doc. 1).

23          [8]  Complaint ¶10 (Doc. 1); Declaration of Betty Jean Napier in Support of Motion for Default
24  Judgment ¶3.

25          [9]  Complaint ¶10 (Doc. 1); Declaration of Betty Jean Napier in Support of Motion for Default
    Judgment ¶3.
26
            [10]  Complaint ¶11 (Doc. 1).
27
            [11]  Complaint ¶¶ 12, 13 and 14 (Doc. 1); Declaration of Betty Jean Napier in Support of
28  Motion for Default Judgment ¶¶ 4 and 6.

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES     Case No. C07-02429-MMC

to the Complaint and identified as Exhibit "1."[12]   The collection letter (Exhibit "1") was the Defendants' first written notice initially addressed to Plaintiff in connection with collecting the debt alleged to be owed to Stanford University Medical Center.[13]

Thereafter, Defendants sent a second collection letter (Exhibit "2") to Plaintiff on or about February 12, 2007.[14]  A true and correct copy of the February 12, 2007, collection letter is attached to the Complaint and identified as Exhibit "2."[15]

On or about February 20, 2007, Plaintiff mailed a letter to Defendants which stated: "please be advised that I dispute this debt and refuse to pay."[16]  A true and accurate copy of Plaintiff's letter disputing the debt and refusing to pay the debt is attached to the Complaint and identified as Exhibit "3."[17]  Defendants received Plaintiff's letter disputing the alleged debt and refusing to pay the alleged debt (Exhibit "3") on or about February 22, 2007.[18]  A true and accurate copy of the USPS Tracking Report and Certified Mail Return Receipt evidencing Defendants' receipt of Plaintiff's letter disputing the alleged debt and refusing to pay the alleged debt (Exhibit "3") is attached to the Complaint and identified Exhibit "4."[19]

---

[12]  Complaint ¶¶ 13 and 14 (Doc. 1); Declaration of Betty Jean Napier in Support of Motion for Default Judgment ¶¶ 5 and 6.

[13]  Complaint ¶ 18, (Doc. 1); Declaration of Betty Jean Napier in Support of Motion for Default Judgment ¶ 7.

[14]  Complaint ¶¶ 19, 20, and 21, (Doc. 1); Declaration of Betty Jean Napier in Support of Motion for Default Judgment ¶¶ 8, 9, and 10.

[15]  Complaint ¶¶ 19 and 20, and 21, (Doc. 1); Declaration of Betty Jean Napier in Support of Motion for Default Judgment ¶¶ 9 and 10.

[16]  Complaint ¶ 25, (Doc. 1); Declaration of Betty Jean Napier in Support of Motion for Default Judgment ¶ 11.

[17]  Complaint ¶¶ 25 and 26, (Doc. 1); Declaration of Betty Jean Napier in Support of Motion for Default Judgment ¶ 12.

[18]  Complaint ¶¶ 27 and 28, (Doc. 1); Declaration of Betty Jean Napier in Support of Motion for Default Judgment ¶¶ 13 and 14.

[19]  Complaint ¶¶ 27 and 28, (Doc. 1); Declaration of Betty Jean Napier in Support of Motion for Default Judgment ¶¶ 13 and 14.

1    Thereafter, Defendants sent a third collection letter to Plaintiff on or about March 5, 2007.[20]

2    A true an accurate copy of the March 5, 2007, collection letter is attached to the Complaint and

3    identified as Exhibit "5."[21] Defendants sent this letter without first obtaining and mailing to Plaintiff

4    a validation of the debt being collected, despite receipt of Plaintiff's letter disputing the alleged debt

5    (Exhibit "3").[22] Defendants also continued to communicate with the Plaintiff in an attempt to collect

6    the alleged debt despite receiving Plaintiff's letter notifying Defendants of her refusal to pay the

7    alleged debt (Exhibit "3").[23]

8    Defendants violated the FDCPA, 15 U.S.C. §§ 1692c(c) and 1692g(b) by:  continuing to

9    communicate with Plaintiff in an attempt to collect the alleged debt after receiving a written

10    notification that Plaintiff refused to pay the debt being collected, and continuing collection efforts

11    against Plaintiff after receiving written notification within the thirty-day validation period from

12    Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the

13    alleged debt and mailing a copy of such verification to Plaintiff.

14    Additionally, Defendants violated the RFDCPA, in that Civil Code § 1788.17, incorporates

15    11 U.S.C. § 1692b through § 1692j (a violation under 1692b-1692j is thus a violation of Civil Code

16    § 1788.17).  A violation of Civil Code § 1788.17 subjects debt collectors to the remedies under 15

17    U.S.C. § 1692k.[24]

18    ///

19    ///

20

21    [20]  Complaint ¶¶ 31 and 33, (Doc. 1); Declaration of Betty Jean Napier in Support of Motion

22    for Default Judgment ¶¶ 15, 16 and 17.

23    [21]  Complaint ¶¶ 32 and 33, (Doc. 1); Declaration of Betty Jean Napier in Support of Motion

24    for Default Judgment ¶¶ 15, 16 and 17.

25    [22]  Complaint ¶¶ 29, (Doc. 1); Declaration of Betty Jean Napier in Support of Motion for
Default Judgment ¶ 18.

26    [23]  Complaint ¶¶ 30, (Doc. 1); Declaration of Betty Jean Napier in Support of Motion for

27    Default Judgment ¶¶ 11, 14 and 15.

28    [24]  *Abels v. JBC*, 227 F.R.D. 541, 548 (N.D. Cal. 2005).

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES    Case No. C07-02429-MMC

## PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES

**A.    PLAINTIFF IS ENTITLED TO $1,000 IN STATUTORY DAMAGES PURSUANT TO 15 U.S.C. § 1692K.**

The FDCPA states that any debt collector who fails to comply with any provision is liable to such person in an amount equal to his/her actual damages, and in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.[25]  The act also provides that:

> In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors...the frequency and persistence of noncompliance by the debt collector, and the extent to which such noncompliance was intentional.[26]

Here Defendants violated numerous sections of the FDCPA (as stated herein).  Thus, the Plaintiff is entitled to the full $1,000 statutory award under the FDCPA.

**1.    Defendants Violated 15 U.S.C. § 1692c(c) by Continuing Their Collection Efforts Against the Plaintiff after She Sent Them a Written Letter Requesting That the Stop Contacting Her.**

Defendants violated 11 U.S.C. § 1692c(c) by continuing their collection efforts against Plaintiff after receiving a written notification that Plaintiff requested no further contact with Defendants.

15 U.S.C. § 1692c(c) requires a debt collector to halt its routine collection efforts upon receiving either a written request from a consumer to cease collection efforts or a written refusal to pay the debt.[27]  After receiving the notice, the collector may contact the consumer only to advise that its collection efforts are being terminated and that it (or the creditor) intends to invoke specified

---

[25]  15 U.S.C. § 1692k(a)(2)(A).

[26]  15 U.S.C. § 1692k(b)(1).

[27]  *See Herbert v. Monterey Financial Services, Inc.*, 863 F. Supp. 76 (D. Conn. 1994) (phone call, after receiving a letter from the consumer's attorney stating the consumer refused to pay the debt, violated the FDCPA).

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES    Case No. C07-02429-MMC

1   remedies.[28]  The debt collector's response to a "cease communication" notice from the consumer

2   may not include a demand for payment, but is limited to the three statutory exceptions.[29]

3         In this case, Plaintiff sent and Defendants received a letter which stated:

4         I have enclosed a copy of the last collection letter that you sent me.

5         In this regard, please be advised that I dispute this debt and refuse to pay.

6         PLEASE MARK YOUR FILES ACCORDINGLY.[30]

7   Thereafter, Defendants mailed a collection letter to Plaintiff in an attempt to collect the debt.[31]  This

8   conduct violated 15 U.S.C. § 1692c(c).

9         **2.    Defendants Violated 15 U.S.C. § 1692g(b) by failing to provide a verification of
             the debt before continuing collection efforts.**
10

11        Defendants violated 15 U.S.C. § 1692g(b) by continuing collection efforts without verifying

12   the debt allegedly owed by Plaintiff after receiving Plaintiff's dispute letter. 15 U.S.C. § 1692g(b)

13   requires a debt collector to halt its routine collection efforts, obtain verification of the debt at issue,

14   and mail the consumer a copy of such verification upon receiving a written dispute of the debt from

15   a consumer within 30 days of the debt collector mailing the initial collection letter.[32]  Defendants'

16   first collection letter was mailed to Plaintiff on or about January 22, 2007.  Plaintiff's dispute letter

17   was mailed to Defendants on or about February 20, 2007, within 15 U.S.C. § 1692g's 30 day period.

18   However, Defendants did not verify the debt, but continued their collection efforts by mailing a third

19   collection letter to Plaintiff on or about March 5, 2007.  This conduct violated 15 U.S.C. § 1692g(b).

20

21        [28] *See Micare v. Foster & Garbus*, 132 F. Supp. 2d 77 (N.D.N.Y. 2001) (to prevail on a §
     1692c(c) claim, a consumer must establish that he notified the debt collector in writing; notice to
22   the creditor was insufficient).

23        [29] *See* FTC Official Staff Commentary § 805(c), 2.

24        [30] Complaint ¶ 25 and 26, Exhibit "3," (Doc. 1).

25        [31] Complaint ¶¶ 27, 30 & 31, Exhibit "5," (Doc. 1).

26        [32] *Clark v. Capital Credit & Collection Services*, 460 F.3d 1162, 1173 n.9 (9th Cir. 2006)
27   ("The pertinent portion of § 1692g requires a debt collector to 'obtain verification of the debt' upon
     the request of the consumer, . . . and to cease collection efforts until the debt collector obtains
28   verification and mails it to the consumer, 15 U.S.C. § 1692g(b).").

**3.     This Court Should Award Plaintiff the Maximum Statutory Damage Amount of $1,000 under the FDCPA.**

The maximum statutory damage award available under the Federal FDCPA is a modest $1,000.  Courts have therefore awarded the maximum amount even when the violations found were less numerous and egregious than those herein.  For example, in *Riviera v. M.A.B.*,[33] the court awarded the maximum $1,000 because the validation notice appeared on the back of the letter, in relatively small print, with no reference to it on the front of the letter.  Thus, even though the notice was accurate, the court determined a $1,000 award was appropriate.  Furthermore, in *Tolentino v. Friedman*,[34] the Seventh Circuit upheld the maximum statutory award of $1,000 despite finding that only one provision of the FDCPA had been proven.  In that case the debt collector had included a disclosure required 15 U.S.C. § 1692e(11) in its initial notice, but had failed to include it in a subsequent notice.  Herein there are two violations of the federal FDCPA.  Thus, the violations herein are more numerous and meaningful than in those cases, and therefore the Court should award the maximum amount of statutory damages under 15 U.S.C. § 1692k(a)(2)(A), which is $1,000.

**B.     PLAINTIFF IS ENTITLED TO $1,000 IN STATUTORY DAMAGES PURSUANT TO CAL. CIVIL CODE § 1788.17**.

Cal. Civil Code § 1788.17 provides that:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code.  However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section1692a of Title 15 of the United States Code or that person's principal.[35]

This Court has held that a violation of the FDCPA is also a violation of Cal. Civil Code §

---

[33]  682 F. Supp. 174 (W.D.N.Y. 1988).

[34]  46 F.3d 645 (7th Cir. 1995).

[35]  Cal. Civil Code § 1788.17.

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES     Case No. C07-02429-MMC

1788.17.[36]  The monetary remedy for a violation of Cal. Civil Code § 1788.17 is the same amount as the remedy provided under 15 U.S.C. § 1692k—$1,000.[37]  Therefore, Plaintiff is entitled to $1,000 damages pursuant to Cal. Civil Code § 1788.17.[38]

## C.    BOTH CONGRESS AND THE CALIFORNIA LEGISLATURE HAVE EXPRESSED THEIR INTENT THAT THE REMEDIES TO VIOLATIONS OF THE FDCPA BE CUMULATIVE

Cal. Civil Code § 1788.32 states that:

> The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

Thus, a violation of the federal statute can lead to damages under the federal FDCPA and a violation of the California statute leads to damages under the RFDCPA.[39]  Indeed, the FDCPA expressly states:

> [t]his subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the law of any State with respect to debt collection practices, except to the extent that those laws are in consistent with any provision of this subchapter, and then only to the extent of the inconsistency.[40]

---

[36] *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004), and *Daniel Edstrom v. All Services and Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. February 22, 2005).

[37] *Abels v. JBC*, 227 F.R.D. 541, 548 (N.D. Cal. 2005) ("A strict reading of Civil Code 1788.17 clearly paves way for CA FDCPA violators to be subjected to the same remedies articulated in 15 U.S.C. 1692k.")

[38] It is also important to note that, in the paragraph quoted above, the California Legislature specifically carved out requirements under § 1692e(11) and § 1692g, which are certain notice requirements traditional *debt collectors* (collecting debts on behalf of another) must comply with, but retained an exemption to such notice requirements for *original creditors* (collecting debts on their own behalf).  But, at the same time the legislature left in the entire remedial scheme of 15 U.S.C. § 1692k, including the $1,000 statutory damage remedy.  Had the California Legislature wanted to carve out the $1,000 statutory remedy from Cal. Civil Code § 1788.17 they certainly knew how to do so, but they chose not to.  Thus, they intended to provide consumers a remedy separate and in addition to the remedy afforded under Cal. Civil Code § 1788.30 and 15 U.S.C. § 1692k.

[39] Indeed, 15 U.S.C. § 1692n states that the federal law does not exempt or affect any person from complying with the law of any State with respect to debt collection practices, unless those laws are inconsistent with the federal FDCPA, and then only to the extent of the inconsistency.

[40] 15 U.S.C. § 1692n.

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES    Case No. C07-02429-MMC

1    Moreover, courts, both within and outside the Ninth Circuit, have allowed statutory damages

2    under both federal and state consumer protection statutes.[41]  Thus, this Court should not be reluctant

3    to assess the maximum possible statutory damages under both federal and state law.  As this Court

4    has noted, Cal. Civil Code § 1788 was amended to expand the remedies of the RFDCPA, including

5    an expansion of the statutory damages available under the state law.[42]

6    Additionally, this Court has concluded, rather than drafting new language to the RFDCPA,

7    the legislature simply incorporated entire sections by reference.[43]  Indeed, this Court has stated

8    "California simply incorporated by reference the text of certain federal provisions into the CFDCPA,

9    rather than copying them verbatim into the California code.  Any resulting liability, however,

10   remains a state claim."[44]  In a separate case, this Court then went on to hold a violation of 15 U.S.C.

11   § 1692g was also a violation of Cal. Civil Code § 1788.17.[45]  Thus, by incorporating 15 U.S.C. §

12   1692k by reference (and its statutory damages of $1,000), the California legislature chose to make

13   the additional $1,000 available, as a matter of state law, when it enacted Cal. Civil Code § 1788.17.

14   **D.     PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES**

15   Both the federal FDCPA and California RFDCPA direct a court to award attorney's fees to

16   a prevailing consumer.[46]  A number of cases decided under 15 U.S.C. § 1692k have held that an

17

18

19   _____

20   [41]  *Sakuma v. First National Credit Bureau*, 1989 U.S. DIST. LEXIS 19120 (D. HI.
     November 15, 1989), *Mann v. Acclaim*, 348 F. Supp. 2d 923 (S.D. OH. 2004), and *Chapman v. ACB*
21   *Business Services*, Inc., 1997 U.S. Dist. LEXIS 23743 (S.D. W.V. February 13, 1997).

22   [42]  *Abels v. JBC*, 227 F.R.D. 541, 548 (N.D. Cal. 2005) (The mandatory language in the
     amendment—" . . . shall be subject to the remedies in Section 1692k" leaves little doubt as to the
23   intent of the legislature to broaden the remedies for RFDCPA.)

24   [43]  *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004).

25   [44]  *Id.*

26   [45]  *Edstrom v. A.S.A.P. Collection Services*, 2005 U.S. Dist. LEXIS 2773, *15 (N.D. Cal.
27   February 22, 2005).

28   [46]  15 U.S.C. § 1692k(a)(3) & Cal. Civil Code § 1788.30(c).

1    award of attorney fees and costs is required if the plaintiff prevails.[47]

2    ### 1.    Computation of Reasonable Attorney's Fees

3    The accepted method of calculating attorney's fees for FDCPA cases is the lodestar

4    method.[48]  Under the lodestar method, the trial court determines the number of hours reasonably

5    spent by counsel on the case and the reasonable hourly compensation for each attorney.[49]

6    Multiplying the hours reasonably worked by the reasonable hourly rate produces a figure known as

7    the lodestar.

8    ### 2.    The Number of Hours Claimed by Plaintiff's Attorney is Reasonable

9    The initial step in computing the lodestar amount is calculating the reasonable hours that

10   counsel worked on the case.  Where a Plaintiff has prevailed, her attorneys should recover a fully

11   compensatory fee.  A full compensatory fee will encompass all hours reasonably spent on the

12   matter.[50]  The reasonable hours will generally include all time spend on pre-trial matters, settlement

13   negotiation, discovery, litigation tactics and the trial itself.[51]

14   In this case, the Plaintiff seeks compensation for a total of 11.6 hours which her advocates

15   devoted to this case to date.

16

17   [47] *See, e.g. Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) (holding

18   it was an abuse of discretion not to award attorney's fees following a stipulated judgment in the
     amount of $100; and directing the court to award fees sufficient to compensate the attorney for the

19   time spent on the case in order to encourage enforcement of the FDCPA); *Pipiles v. Credit Bureau,*
     Inc., 886 F.2d 22 (2d Cir. 1989) (directing trial court to award fees on remand despite the lack of

20   actual or statutory damages because Plaintiff had demonstrated that Defendant violated the FDCPA);

21   *Perez v. Perkiss*, 742 F.Supp. 883 (D.Del. 1990) (awarding Plaintiffs' legal services attorneys
     $10,110 after a half-day jury trial in which Plaintiff was awarded $1,200 in damages).

22   [48] *Cancio v. Financial Credit Network, Inc.*, 2005 U.S. Dist. LEXIS 13626, *2 (N.D. CA

23   July 6, 2005) *citing*, *Jordan v. Multnomah County*, 815 F.2d 1258, 1264 (9th Cir. 1987);  *Rosenfeld*
     *v. S. Pac. Co.*, 519 F.2d 527, 530 (9th Cir. 1975).

24

25   [49] *Serrano v. Priest*, 20 Cal. 3d 25, 48-49 (1997) (Serrano III).

26   [50] *Serrano v. Unruh*, 32 Cal. 3d 621, 633 (1982)  (Serrano IV); *Sundance Municipal Court*,
     192 Cal. App. 3d 268, 273-274 (1982).

27

28   [51] *Stokus v. March*, 217 Cal. App. 3d 647, 656 (1990) (compensation for pre-trial legal
     services include issue evaluation, discovery, trial preparation, and preparation of trial memorandum).

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES    Case No. C07-02429-MMC

1    ### 3.    The Hourly Rates Claimed By Plaintiff's Attorney Is Reasonable

2    The second step in calculating the lodestar amount is determining a reasonable hourly rate.

3 When determining whether the rate is reasonable, courts consider an attorney's skill, experience and

4 expertise; the nature of the work performed; the attorney's customary billing rate; and the prevailing

5 market rates charged by attorneys of similar skill and experience for comparable services in the

6 community.[52]

7    The rates charged by counsel in this case are more than reasonable in light of the skill,

8 experience and expertise, and the prevailing market rates charged by attorneys and advocates of

9 similar skill and experience.[53]

10    ### 4.    Lodestar Amount

11    The final step in calculating the fee portion of the lodestar amount is multiplying the hours

12 reasonably worked by the reasonably hourly rate.  As demonstrated by Declaration of Fred W.

13 Schwinn and the attached time records, Plaintiff's attorney's office has expended 11.6 hours, and

14 $595.74 in costs, in the prosecution of this matter, and that they should be awarded $4,075.74 for

15 that time and expense.

16    ### CONCLUSION

17    The purpose of statutory penalties is to deter the kind of unlawful conduct which occurred

18 in this case.  As explained in the preceding sections of this memorandum, Defendants' violations

19 of the federal FDCPA and California RFDCPA were numerous.  For all the reasons stated above,

20 Plaintiff requests an award of $2,000.

21    Additionally, Plaintiff should be awarded attorney's fees for all the time reasonably

22 expended and the costs incurred in the case.  Plaintiff's attorney has demonstrated that he reasonably

23 expended 11.6 hours in the prosecution of this matter, and that he should be awarded $3,480.00 for

24 that time, and $595.74 in advanced expenses.

25

26    [52] *Serrano IV*, supra, 32 Cal. 3d at 643.

27

28    [53] *See* attached Declaration of Ronald Wilcox, Declaration of Javed Ellahie, and Declaration of Scott Maurer.

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES     Case No. C07-02429-MMC

1    Therefore, the total amount of the Judgment in this matter should be $6,075.74.  A proposed

2    Judgment is attached to this motion for the Court's use and convenience.

3

4                                                        CONSUMER LAW CENTER, INC.

5

6                                                        By: /s/ Fred W. Schwinn
                                                              Fred W. Schwinn, Esq.
                                                              Attorney for Plaintiff
7                                                             BETTY JEAN NAPIER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28